IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Julie Tripp Cappelmann, | ) | Civil Action No.: 2:15-2217-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Plaintiff Julie Tripp Cappelmann, ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. On July 22, 2016, the Magistrate Judge issued a Report and Recommendation, ("Report"), concluding that the findings of the Administrative Law Judge, ("ALJ"), were supported by substantial evidence and recommending that the decision of the Commissioner be affirmed. (ECF No. 13). Plaintiff filed an Objection to the Report on August 8, 2016, (ECF No. 14), to which the Commissioner replied on August 25, 2016, (ECF No. 15), and the matter is now ripe for review and decision by this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including, in particular, the Report and Plaintiff's Objection. The Court finds that none of Plaintiff's contentions, which generally restate arguments already advanced in prior filings, meaningfully counter the core conclusions of the Magistrate Judge's analysis, including the Magistrate Judge's findings that: (1) the ALJ properly assessed Plaintiff's credibility; (2) the ALJ properly assessed Plaintiff's fibromyalgia in the context of her Residual Functional Capacity ("RFC") determination and otherwise; and (3) the ALJ properly weighed the opinion of consultative examiner, Dr. Patel.

For the foregoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 13), overruling Plaintiff's Objection. (ECF No. 14). The decision of the Commissioner is hereby **AFFIRMED.**

**IT IS SO ORDERED**.

                                                    s/Mary G. Lewis
                                                    United States District Judge

August 29, 2016
Columbia, South Carolina